FILED
CLERK
10/8/2019 4:34 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES PAYNE,

                                  Plaintiff,

     -against-

JUDGE TERESA K. CORRIGAN, DONALD
VETTER, *Clerk of Court*, LAURA B. SOROWITZ,
*Former A.D.A*; GREGORY MURPHY, *A.D.A.*,

                                  Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-3194 (JMA) (AKT)

**AZRACK, United States District Judge:**

    Before the Court is the complaint filed by incarcerated pro se plaintiff James Payne ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking to challenge his underlying state court criminal proceedings. Accompanying the complaint is an application to proceed in forma pauperis. Upon review, the Court finds that Plaintiff is qualified by his financial position to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis is granted. However, for the reasons that follow, Plaintiff's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for failure to allege a plausible claim for relief.

## I. BACKGROUND

    Plaintiff's sparse complaint is submitted on the Court's Section 1983 complaint form and names state court Judge Teresa K. Corrigan ("Judge Corrigan"), the Chief Clerk of the Nassau County Court Donald Vetter ("Vetter"), and two Nassau County assistant district attorneys, Laura B. Sorowitz ("ADA Sorowitz") and Gregory Murphy ("ADA Murphy") (collectively, "defendants"). Plaintiff seeks to challenge the alleged withholding of exculpatory evidence by the prosecutors and rulings made by Judge Corrigan during the underlying criminal proceedings.

In its entirety, Plaintiff alleges:[1]

> On the 28th day of March 2019 Judge Teresa K. Corrigan in Nassau County Court Judge waived her immunity by handing down a decision outside of her judicial duty in violation of canons, by allowing Nassau County District Attorney's Office to withhold exculpatory evidence at a probable cause hearing. She states, "I don't care, get back on appeal." Laura B. Sarowitz is the former A.D.A. that withheld this exculpatory evidence on the 5th of December 2017 and allowed perjured testimony to be heard by a detective Anthony Rogers. Gregory Murphy A.D.A. has failed to report this Brady violation and he has failed to report the perjured testimony by Detective Anthony Rogers from the Hempstead Police Department. Both attorneys for the Government did not uphold the Constitutional oath nor did the Judge. Donald Vetter refused to file all pro se motions and to allow me access to the clerk file.

(Compl. ¶ III.) In the space on the form complaint that calls for a description of any claimed injuries, Plaintiff alleges:

> All three parties have violated my 14th Amendment Rights to the Constitution of our Nation. Causing me, James Payne, further imprisonment, loss of liberty, mental stress on me and my mother and son. Financial stress, from having to pay for commissary, multiple lawyers. My unability to be with love ones and the constant worrying about further imprisonment. And multiple accounts of bail money at 75,000 on three different occasions.

(Id. ¶ IV.) For relief, Plaintiff "want[s] Judge Teresa K. Corrigan removed from being a judge. I want A.D.A Gregory Murphy to be debarred, and I want Laura B. Sarowitz debared along with Judge Corrigan. I want all monies back spent during this criminal litigation in the amount of $150,000 dollars U.S. by all parties. This include Clerk of the Court Donald Vetter when it comes to monetary damages." (Id. ¶ V.)

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

## II. DISCUSSION

**A.    *In Forma Pauperis* Application**

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

**B.    Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

**1.     *Heck v. Humphrey* Bars Plaintiff's Section 1983 Claims**

When a claim for damages under Section 1983 calls into question the validity of an

4

underlying conviction, a district court must dismiss the claim, unless the conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). The petitioner in Heck was an inmate with a direct appeal from his conviction pending, who brought a Section 1983 action for damages against state officials who, he claimed, acted unconstitutionally in arresting and prosecuting him. Drawing an analogy to the tort of malicious prosecution, the Supreme Court held that an inmate's Section1983 claim for damages was unavailable because he could not demonstrate that the underlying criminal proceedings had terminated in his favor. Id. at 486–87. The Supreme Court in Heck enumerated four methods of demonstrating that a conviction has been invalidated: (1) the conviction was reversed on a direct appeal; (2) an executive order expunged the conviction; (3) a habeas corpus petition was issued by a federal court; or (4) an authorized state tribunal declared the conviction invalid. Id.

Here, Plaintiff pled guilty to the charges against him under Indictment No. 997N2017 and was sentenced as a second felony drug offender on June 20, 2019.[2] Thus, as is readily apparent and, affording the pro se complaint a liberal construction, there is no allegation that Plaintiff's conviction has been invalidated. Indeed, the complaint was filed in this Court before Plaintiff was sentenced and he has not sought to amend his complaint. Because Plaintiff's success on his civil rights claims in this case would necessarily invalidate the conviction, which is not alleged to have been reversed or vacated, Plaintiff's Section 1983 claims are not cognizable under Heck. Thus, Heck's bar precludes the adjudication of Plaintiff's Section 1983 claims.[3] Accordingly,

---

[2] See Indictment No. 997N-2017, Supreme Court of the State of New York, Nassau County, Calendar, dated June 20, 2019, Schwartz, J.
[3] Although "§ 1983 remains a possible remedy when there is no other federal avenue through which to bring a claim," Chillemi v. Town of Southampton, 943 F. Supp. 2d 365, 375 (E.D.N.Y. 2013), Plaintiff has the opportunity to seek habeas relief once his constitutional claims are properly exhausted in state court.

Plaintiff's Section 1983 claims are dismissed pursuant to 28 U.S.C. §§ 1915(e) (2)(B)(ii), 1915A(b)(1).

**D.  Leave to Amend**

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the complaint is denied.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, however the complaint is sua sponte dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of the Court is directed to close this case and to mail a copy of this Order to the pro se Plaintiff at his last known address.

**SO ORDERED.**

Dated:  October 8, 2019
       Central Islip, New York

                                                      /s/ JMA
                                            Joan M. Azrack
                                            United States District Judge